IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVON E. McCOY,

      Plaintiff,                    No. 2:12-cv-1137 WBS DAD P

   vs.

J. STRATTON, et al.,

      Defendants.       ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk

1

of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

      In his complaint, plaintiff has named CSP-Sacramento Officers Stratton, Epp, Barnes, Hughes, Ding Felder, Jacinto, Sweeney, Salazar, Armstrong, Grinde, and John Does 1-8 as the defendants.  Plaintiff alleges that he was temporarily transferred from Salinas Valley State

3

1  Prison to CSP-Sacramento because he had a court appearance that he needed to attend.  He
2  further alleges that, as the defendants were escorting him, defendants Stratton and Epp pushed
3  him against the cages face first, and defendants Stratton, Epp, and Ding Felder then body
4  slammed him face-first into the concrete.  Plaintiff alleges that defendants Barnes, Hughes, and
5  Sweeney also joined in the attack and kicked, punched, and choked him until plaintiff lost
6  consciousness.  According to plaintiff, the defendants eventually carried him to the emergency
7  medical unit where defendant Grinde questioned him about the events that had just taken place.
8  Plaintiff notes that he never saw or spoke to an actual doctor regarding the injuries he sustained
9  during the incident.  Plaintiff alleges that he was subsequently placed in a cell without running
10 water and issued a prison rules violation report for Battery on a Peace Officer.  Plaintiff claims
11 that the named defendants have violated his constitutional rights because they used excessive
12 force against him, were deliberately indifferent to his serious medical needs, retaliated against
13 him, and illegally placed him in administrative segregation pending his hearing on the prison
14 rules violation report. (Compl. at 11 & Attachs.)

## DISCUSSION

16         Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42
17 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). Specifically, the court finds that plaintiff's complaint
18 appears to state an Eighth Amendment excessive use of force claim against defendants Stratton,
19 Epp, Ding Felder, Barnes, Hughes, and Sweeney. See Hudson v. McMillian, 503 U.S. 1, 5-7
20 (1992) ("whenever prison officials stand accused of using excessive physical force in violation of
21 the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
22 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
23 cause harm."); see also El-Shaddai v. Wheeler, No. CIV S-06-1898 KJM EFB P, 2011 WL
24 1332044 at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of
25 force claim is not barred under Heck v. Humphrey, 512 U.S. 477 (1994) because "a judgment for
26 plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his

disciplinary conviction" for willfully resisting a peace officer); Gipbsin v. Kernan, No. CIV S-07-0157 MCE EFB P, 2011 WL 533701 at *5-*7 (E.D. Cal. Feb. 11, 2011) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because success on plaintiff's claim would not necessarily negate his disciplinary conviction for battery on a peace officer or his criminal conviction in state court for battery); Meadows v. Porter, No. S-07-0475 HDM RAM, 2009 WL 3233902 at *2 (E.D. Cal. Oct. 2, 2009) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because a finding that an officer "responded to the attempted battery with excessive force would not negate any of the elements of attempted battery. And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events."); Candler v. Woodford, No. C 04-5453 MMC (PR), 2007 WL 3232435 at *8 (N.D. Cal. Nov. 1, 2007) (finding that an Eighth Amendment excessive use of force claim is not Heck-barred because "defendants have not shown that if plaintiff were to prevail on his excessive force claims the validity of the finding that he committed battery on a peace officer necessarily would be implicated"). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, the court also finds that plaintiff's complaint fails to state cognizable claims for relief for inadequate medical care and retaliation, and with respect to his allegedly illegal placement in administrative segregation. In this regard, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether these claims are frivolous or fail to state a claim for relief. It is well established that a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.

Under the circumstances of this case, the court will allow plaintiff to either proceed on his excessive use of force claim against defendants Stratton, Epp, Ding Felder, Barnes, Hughes, and Sweeney or file an amended complaint to re-assert his excessive use of force claims and attempt to cure the defects with respect to his remaining claims.

If plaintiff chooses to proceed with this action by filing an amended complaint, he is advised of the following legal standards that govern his remaining claims.  First, as to plaintiff's claim for inadequate medical care, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Under the deliberate indifference standard, a person may be found liable for denying adequate medical care if he "knows of and disregards an excessive risk to inmate health and safety."  Id. at 837.  See also Estelle, 429 U.S. at 106; Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  However, "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Likewise, a mere disagreement between plaintiff and defendants as to how defendants provided him with medical care fails to state a cognizable § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

As to his retaliation claim, plaintiff is advised that under the First Amendment, prisoners have a constitutional right to file prison grievances.  See Rhodes v. Robinson, 408 F.3d

6

559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so. See id. at 568. In this regard, the Ninth Circuit has explained:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. To state a cognizable retaliation claim, plaintiff must allege facts establishing that the defendants' conduct was substantially motivated by, or because of, plaintiff's engagement in protected conduct. A retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

Finally, as to plaintiff's claim that he was illegally placed in administrative segregation after being charged with a prison rule violation for Battery on a Peace Officer, he is advised that when prison officials determine that they need to segregate a prisoner for administrative reasons, due process requires the following minimal procedures:

> Prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views.
>
> We specifically find that the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. We also find that due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation.

Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). To state a cognizable due process claim, plaintiff will need to allege facts explaining how defendants' conduct failed to satisfy these Fourteenth Amendment standards.

7

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. Nos. 2 & 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within thirty days of the date of service of this order, plaintiff shall file either (1) a notice informing the court he wishes to proceed solely on his excessive use of force claims against defendants Stratton, Epp, Ding Felder, Barnes, Hughes, and Sweeney in which case the court will send plaintiff the necessary documents for service, or (2) an amended complaint that re-asserts his excessive use of force claims and attempts to cure the defects of his remaining claims. Any amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

       4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: August 2, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcco1137.14