UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON E. McCOY, | No. 2:12-cv-1137 WBS DAD P |
| Plaintiff, | |
| v. | ORDER |
| J. STRATTON et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to file a supplemental complaint, which defendants have opposed.

**PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT**

In his motion to file a supplemental complaint, plaintiff seeks leave to name additional defendants in this action for their alleged deliberate indifference to his serious medical needs. Plaintiff contends that the events that he complains of in his proposed supplemental complaint took place after he filed his original complaint. (Pl.'s Mot. to Supp. at 1-2.) Defendants have opposed plaintiff's motion and argue that the court would not serve justice by allowing plaintiff to file his proposed supplemental complaint, which names eleven new defendants and asserts claims that are wholly unrelated to the pending claims in this action. (Defs.' Opp'n to Pl.'s Mot. to Supp. at 1-12.)

      Under Federal Rule of Civil Procedure Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." See Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). See also Contreraz v. Stockbridge, No. 1:06-cv-01817 LJO SKO PC, 2012 WL 396503 at *1 (E.D. Cal. Feb. 7, 2012) (denying plaintiff's motion to file supplemental complaint because his proposed supplement allegations gave rise to a new causes of action); Gonzales v. Mason, No. C 07-180 SI (pr), 2008 WL 2079195 at *2 (N.D. Cal. May 15, 2008) (denying plaintiff's motion to file supplemental complaint because the proposed supplement included different defendants and new claims).

      Here, plaintiff's proposed supplemental complaint should be the subject of new complaint filed in a separate civil rights action from this action. Specifically, plaintiff's proposed supplemental claims are separate and distinct from his current claims against the named defendants. As defense counsel aptly observes, plaintiff is proceeding in this action on an amended complaint against defendants Barnes, Chavez, Epp, Ding Felder, Grinde, Hughes, Martinez, Slaughter, Stratton, Sweeney, and Wells for their alleged excessive force or retaliatory conduct against him while he was briefly housed at CSP-Sacramento pending a court date requiring his appearance. Plaintiff now wishes to supplement his complaint with allegations against eleven new defendants for their alleged deliberate indifference to his serious medical needs while he was housed at California Correctional Institution. Allowing plaintiff to pursue his proposed supplemental claims in this action, which has now reached the summary judgment stage, would clearly not promote judicial efficiency, the goal of Rule 15(d). See Planned Parenthood, 130 F.3d at 402. See also Fed. R. Civ. P. 18(a) ("A party asserting a claim ... may join, [ ] as independent or as alternative claims, as many claims ... as the party has against an opposing party"); Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Finally, there are no "technical obstacles" to plaintiff bringing a separate action against the new defendants listed in his proposed

supplemental complaint.  See Planned Parenthood, 130 F.3d at 402.  Accordingly, the court will deny plaintiff's motion for leave to file a supplemental complaint without prejudice to plaintiff raising the proposed new claims in a separate civil action.[1]

**OTHER MATTERS**

Plaintiff has also filed a motion for appointment of counsel and a motion for an extension of time to oppose defendants' motion for summary judgment.  As to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Turning now to plaintiff's motion for an extension of time, plaintiff requests a twenty-one day extension of time to file his opposition to defendants' pending motion for summary judgment.  Good cause appearing, the court will grant plaintiff's request.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

/////

---

[1] Moreover, any separate action plaintiff elects to file based on the allegations in his supplemental complaint should be filed in the Fresno Division of this Court since the alleged constitutional violations took place at California Correctional Institution, which is in Kern County.  See Local Rule 120(d).

3

     1. Plaintiff's motion to file a supplemental complaint (Doc. No. 49) is denied without prejudice to raising the proposed new claims in a separate civil action;

     2. Plaintiff's motion for appointment of counsel (Doc. No. 48) is denied;

     3. Plaintiff's motion for an extension of time to file an opposition to defendants' motion for summary judgment (Doc. No. 63) is granted; and

     4. Within twenty-one days of the date of service of this order, plaintiff shall file an opposition to defendants' motion for summary judgment.

Dated: October 8, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mcco1137.mtsd