1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVON E. McCOY,                          No.  2:12-cv-1137 WBS DB

12                   Plaintiff,

13         v.                                   ORDER

14    J. STRATTON, et al.,

15                   Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief

18    under 42 U.S.C. § 1983.  Defendants moved for summary judgment based on plaintiff's alleged

19    failure to exhaust his available administrative remedies prior to filing suit as required.  (ECF No.

20    36.)  United States District Judge William B. Shubb adopted the findings and recommendations

21    of then-Magistrate Judge Dale A. Drozd in granting in part and denying in part defendants'

22    motion.  (ECF No. 44.)  In their summary judgment motion, defendants requested permission to

23    file a second motion for summary judgment on the merits if the first one concerning exhaustion

24    was not granted in full.  (ECF No. 36 at 6 n. 1.)  The court did not address that request in the

25    findings and recommendation or the order on summary judgment.

26          After filing an answer (ECF No. 45) to plaintiff's complaint, defendants filed a second

27    motion for summary judgment (ECF No. 51) addressing the merits of plaintiff's complaint.

28    Plaintiff filed an opposition (ECF No. 64) to the motion, but also filed a motion to strike (ECF

1

1    No. 66) the second summary judgment for failure to comply with the Federal Rules of Civil

2    Procedure and the Local Rules of the Eastern District of California.

3          For the following reasons, plaintiff's motion to strike is denied.

4          District courts in the Ninth Circuit "have discretion to permit successive motions for

5    summary judgment." Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010). "[A]

6    successive motion for summary judgment is particularly appropriate on an expanded factual

7    record." Id. Furthermore, where a district court addresses only the issue of exhaustion of

8    administrative remedies in the first summary judgment motion, "'allowing a party to file a second

9    motion for summary judgment is logical, and it fosters the just, speedy, and inexpensive

10    resolution of suits.'" Hill v. Davis, --- F. App'x ---, No. 15–15923, 2016 WL 4499806 (9th Cir.

11    Aug. 26, 2016) (quoting Hoffman, 593 F.3d at 911-12).

12          Plaintiff's motion to strike is denied because the first summary judgment motion in this

13    matter addressed only the administrative remedies issue. In Albino v. Baca, the Ninth Circuit

14    recently held that "[e]xhaustion should be decided, if feasible, before reaching the merits of a

15    prisoner's claim," and that a summary judgment motion may be "directed solely to the issue of

16    exhaustion." 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). Pursuant to Albino, the court

17    addressed the administrative remedies issue at the outset without considering the merits of the

18    case. Now, pursuant to Hoffman, the court has discretion to allow a second motion for summary

19    judgment based upon an expanded record. There is now an expanded record on which to address

20    the merits of the case, so, accordingly, the court grants defendants' request to file a second

21    summary judgment on the merits and denies plaintiff's motion to strike. The court will address

22    the second motion for summary judgment in a forthcoming findings and recommendations.

23          IT IS HEREBY ORDERED that plaintiff's motion to strike is denied.

24    Dated:  November 2, 2016

25

26

27                     DEBORAH BARNES

                       UNITED STATES MAGISTRATE JUDGE

28    DLB:10

DLB1 / Prisoner - Civil Rights / mcco1137.mts